[S. F. No. 2054. Department Two.—September 4, 1900.]

WILLIAM LOUGHER, Respondent, v. A. J. SOTO, County Auditor of Contra Costa County, Appellant.

COUNTY GOVERNMENT—COMPENSATION OF CONSTABLES—CHANGE OF TOWNSHIP—CONSTRUCTION OF STATUTE.—Subdivision 14 of section 183 of the County Government Act, providing for salaries in addition to fees of constables in townships numbered 1 to 10 in counties of the twenty-sixth class, is to be construed as referring only to a subsisting system of ten townships so numbered, and not

as applying to any part of a changed system of sixteen townships, notwithstanding a portion of the new townships may bear the same number and cover the same territory as before.

ID.—CONSTITUTIONAL LAW—SPECIAL LEGISLATION—MANDAMUS.— Such provision for the salaries of constables is special legislation, in contravention of the constitution, in not providing for all of the townships and officers of any changed system, whether it be construed as referring to those townships in the changed system bearing the same number as before or not. In either aspect, *mandamus* will not lie to compel the payment of a salary provided for a numbered township having the same number and covering the same territory in both systems.

APPEAL from a judgment of the Superior Court of Contra Costa County. Joseph P. Jones, Judge.

The facts are stated in the opinion.

C. Y. Brown, District Attorney, for Appellant.

H. V. Alvarado, for Respondent.

SMITH, C.—The case is a proceeding for *mandamus* to the defendant requiring him to issue to the plaintiff a warrant for ten dollars, his salary for the month of April, 1899, as constable of township No. 7, Contra Costa county. The plaintiff had judgment in the court below.

The case involves the construction and validity of section 183, subdivision 14 of the County Government Act of 1897; which provides in effect that the constables of townships Nos. 1 to 10, inclusive, of counties of the twenty-sixth class (which includes Contra Costa only) shall receive as compensation for services—in addition to fees, etc.—certain salaries; and, among others, the "constables of township No. 7, ten dollars per month."

To apprehend the questions involved it should be premised that at the date of the passage of the act—April 1, 1897—there were in existence in the county of Contra Costa two systems of townships—the one in actual operation, but to expire with the terms of the incumbent officers in January, 1897, by which the county was divided in ten townships; the other, established by order of the board of supervisors of date August 3, 1896, and to go into effect on the termination of the old

system, under which there were sixteen townships, of which five (including No. 7) corresponded in name and territory with those of the old system. The plaintiff, who was elected at the general election of 1898, holds office under the new system.

It is claimed by the appellant's counsel that the act must be construed as referring to the latter system; and his position is, that as it provides for only ten of the sixteen townships, it is in contravention of section 25, subdivision 29, article IV, of the constitution, which forbids the enactment of "local or special laws . . . . affecting the fees or salary of any officer." On the other hand, it is contended that the act primarily, referred to the system of townships in actual operation at the time of its passage, and thus in fact provided for all the constables of the county. But, according to this contention, the act is not confined in its application to the old system, but applies also to the new; and, without this proposition, the case of the respondent, being that of an officer of the new system, would fail. Hence, thus construed, the act still remains a local and special law, applying only to some of the townships—in this case five out of sixteen—and to certain of the constables of the county. And upon some new division of the county by the supervisors, under the power vested in them by section 25, subdivision 2, of the act, the case might become even worse.

But I do not think the act admits of either construction. Section 183, in terms, refers to the whole of the county, and subdivision 14 must, therefore, be so construed. It follows that, in the latter provision, the reference is to the old township organization, by which the county was divided into ten townships; and from the nature of the case this reference must be taken to be exclusive. For the townships referred to are the mere creatures of the ordinance dividing the county into townships, and exist only as parts of the townships organization thus established. Hence the names of the townships, in either system, must be regarded as correlative terms, referring for their signification to the system, and different from the same names in other systems. Hence in this case the townships of the new system, though bearing, some of them, the same names, and in some cases coincident in territorial extent, are other and different entities from those of the old.

Thus, e. g., township No. 2 of the old system, which is sub-divided into townships Nos. 2 and 12 of the new system, cannot be regarded as identical with either; nor can township No. 7 of the one system be regarded as the same as township No. 7 of the other, though both bear the same name and cover the same territory. And the same observations will be true of any new township organization of the county by the board of supervisors under section 25, subdivision 2, of the act.

To confirm this view, we have but to attempt to apply the other. If the provision of the act is to be regarded as applying to the new system, what principle of identification are we to adopt by which to determine the townships of the new system that are to be taken as the same as those of the old? Obviously, we must take for this purpose either identity of name or of territory; that is, we must either assume that the legislature intended the provisions of subdivision 14, section 183, of the act to apply to townships Nos. 1 to 10, inclusive, of the new system—though differing in territory—or that it intended them to apply only to townships Nos. 1, 5, 7, 8, and 9, which cover the same territory as the townships similarly numbered in the old system. But it cannot be supposed that the legislature intended either of these things. For, omitting other considerations, the name and territorial extent of a township are—with reference to the county—purely accidental circumstances; and under some other system established by the supervisors there might be no identity of either. In such case what principle of identification could be applied?

We conclude, therefore, that the act must be construed as referring exclusively to the old system of townships, and as having no application to any other. Hence, upon the termination of the old system there ceased to be any subject to which the provision could apply. So, also, it must be held that the act, being confined in its application to the system of townships and township officers existing at the time of its passage, and making no provision for the townships and officers of the new system, or those of new systems that may hereafter be established, still remains, under this construction, open to the objection of being local and special. Nor is there any construction conceivable upon which it could be otherwise regarded.

Under any view of the case, therefore—whether we regard the provision of the act in question as unconstitutional, or as having no application to the new township organization—the plaintiff's case must fail.

We advise that the judgment appealed from be reversed and the cause remanded, with instructions to dismiss the proceeding.

Haynes, C., and Chipman, C., concurred.

For the reasons given in the foregoing opinion the judgment appealed from is reversed and the cause remanded, with instructions to dismiss the proceeding.

Temple, J., McFarland, J., Henshaw, J.